DONALD HONADLE, an Infant, by FRED HONADLE, His Guardian ad Litem, Plaintiff, v. VIRGIL STAFFORD, Defendant.

Supreme Court, Niagara County, February 3, 1934.

*William Fredel,* for the plaintiff.

*Gibbons, Pottle & Pottle [Frank Gibbons* of counsel], for the defendant.

NOONAN, J. This is the return of an order to show cause why defendant should not be required to pay to Fred Honadle, as general guardian of the plaintiff, the sum of $600, that being the amount of a settlement agreed upon and authorized by an order of this court.

Plaintiff, by his guardian *ad litem,* sued the defendant for personal injuries. Settlement of the case was agreed upon by which defendant was to pay $900, of which $300 was to go to plaintiff's attorney

and the remainder to plaintiff. Plaintiff. being an infant, could not personally receive the money nor could his guardian *ad litem* receive it without giving security as provided for by rule 41 of the Rules of Civil Practice. Being advised of this, the guardian *ad litem*, at the instance of plaintiff's attorney, executed the papers necessary to secure his appointment as general guardian of the infant, and procured an order from this court approving the settlement.

It appears from the papers that the surrogate of Niagara county made an order appointing the guardian *ad litem* general guardian of the person and estate of the infant upon his taking the required oath and executing a bond with surety in the amount of $900, and it also appears that the agreed settlement was approved by this court. Although there is nothing in the papers presented on this motion to indicate it, counsel for plaintiff concedes that the general guardian has qualified as such by taking the oath and executing and filing the bond required of him.

The general guardian executed a release on behalf of the infant and delivered it to plaintiff's attorney who presented it to defendant's attorneys for the purpose of obtaining the amount of the agreed settlement. The defendant's attorneys thereupon paid the amount to plaintiff's attorney in cash and plaintiff's attorney has never paid nor accounted for any portion of it to the general guardian.

The guardian claims that the attorney was not authorized to receive payment of the amount of the settlement, and that payment to him does not discharge defendant's liability unless the money is actually received by the guardian. The question also arises upon the papers presented as to whether the situation was such that payment either to the attorney or the guardian was authorized under rule 41.

The substance of rule 41 is to the effect that a guardian *ad litem* shall not be permitted to receive money belonging to the infant until he has given security approved by the court, but it is provided that where a general guardian has been appointed guardian *ad litem* the rule shall not apply. The reason for this is obviously that the general guardian has already given security, and if that security were sufficient in amount the giving of additional security as guardian *ad litem* would be unnecessary. In any case the court is authorized to require additional security.

The general guardian having qualified as such and given the security required by the order appointing him, the sole question is whether payment to the attorney is a discharge of defendant's liability. In my opinion it is. The general guardian intrusted

the attorney with all the indicia of authority to make settlement and receive the money by leaving in his hands the carrying out of the settlement and delivering to him for use in that respect the release which constituted his act in carrying out the settlement. What he could do in person he could do by agent and the receipt of money on behalf of the infant is no exception to this rule. It is to cover such situations as this, among others, that the general guardian is required to give a bond. The agent was one of his own selection, not the defendant's selection, and if the agent has failed in the performance of his duty of paying over money received, the guardian who selected him and his bondsmen are the ones to be held answerable to the infant and not the defendant.

The case seems to be one of first impression as none of the authorities cited by either party are in point and as I have found no decisions in the books directly governing the situation.

An order may be entered denying the motion, without costs.